UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RIYADH FARIS and
CRYSTAL YOUSIF,

        Plaintiffs,


                                   Case No. 11-CV-12007
v.                                 HON. GEORGE CARAM STEEH


BAC HOME LOANS SERVICING,
LP, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
and TROTT & TROTT, P.C.,

        Defendants.

_____/

### OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REMAND (#7) AND GRANTING DEFENDANTS' MOTION TO DISMISS (#4)

On April 6, 2011, plaintiffs filed a complaint in the Macomb County Circuit Court against defendants asserting claims relating to their mortgage foreclosure. BAC and MERS removed the action to this court, invoking federal diversity jurisdiction. Plaintiffs filed a motion to remand and defendants filed a motion to dismiss. Plaintiffs filed a motion for relief from the scheduling order relating to defendants' motion to dismiss, arguing filing a response might waive defenses to removal. Plaintiffs attached their response to the motion to dismiss as an exhibit to the motion. The motions are therefore fully briefed and the court held a hearing on these motions. For the reasons set forth below, the court DENIES plaintiffs' motion to remand and GRANTS defendants' motion to dismiss.

BACKGROUND

Around 2007, plaintiffs executed a mortgage for real property located at 5435 Gardner Street, Sterling Heights, MI 48310.  Plaintiffs obtained a loan in the amount of $191,187 from Perfect Mortgage to purchase the property.  Plaintiffs signed a note agreeing to repay the loan and granted a mortgage on the property to MERS as the nominee for Perfect Mortgage.  Both the note and the mortgage were subsequently assigned to BAC, and the assignment was recorded at the Macomb County Register of Deeds.  The Assignment of Mortgage was signed by Marcy J. Ford, Vice President for MERS.  Ford is a partner at defendant Trott.  The assignment form was drafted by Ellen L. Coon, an employee of Trott.  Plaintiffs defaulted on their loan obligation and Trott initiated foreclosure proceedings.

On March 23, 2010, plaintiffs filed a complaint in Macomb County Circuit Court, naming BAC and MERS as defendants.  BAC is a citizen of North Carolina for diversity purposes.  MERS is a Delaware corporation with its principal place of business in Virginia. The complaint in the 2010 action asserted claims related to the foreclosure of plaintiffs' property.  Defendants removed the matter to this court.  On May 13, 2010, plaintiffs filed an amended complaint adding several unidentified parties as defendants and adding claims of negligent and innocent misrepresentation.  Defendants filed a motion for summary judgment on May 27, 2010.  Plaintiffs failed to file a response to the defendants' motion for summary judgment.  On June 30, 2010, this court issued an order to show cause why plaintiffs' complaint should not be dismissed.  Plaintiffs failed to respond to the show cause order and the court entered an order of dismissal on July 21, 2010.  Plaintiffs did not appeal this order.

On April 6, 2011, plaintiffs filed this case in Macomb County Circuit Court asserting claims relating to their mortgage foreclosure.  The parties in the two cases are virtually identical except that plaintiffs have added Trott as a defendant in this case and no longer list unidentified defendants.  Trott is a Michigan corporation.  Because of the addition of Trott, plaintiffs claim this court lacks diversity jurisdiction and seek remand.

ANALYSIS

Plaintiffs' Motion for Remand

"Federal courts have jurisdiction over controversies between 'Citizens of different States' by virtue of 28 U.S.C. § 1332(a)(1) and U.S. Const., Art. III, § 2."  Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980).  "Removing defendants bear the burden of establishing federal subject-matter jurisdiction." Ahearn v. Charter Township of Bloomfield, 100 F.3d 451, 453-54 (6th Cir. 1996).  Any ambiguity concerning the scope of removal is resolved in favor of remand to state courts.  Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999).  However, the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999).  In determining whether the joining of a party is fraudulent, the court should ask whether there is a reasonable basis for predicting the plaintiff could prevail on his claim against the joined party.  Id.  Disputed questions of fact and ambiguities in state law are resolved in favor of the non-removing party.  Id.

Here, plaintiffs do not have an actionable claim against Trott.  Plaintiffs assert a negligence claim based on Trott's alleged failure to provide proper legal analysis regarding the mortgage and foreclosure.  However, "[o]nly if the law recognizes a duty to act with due care arising from the relationship of the parties does it subject the defendant to liability for

3

negligent conduct." Friedman v. Dozorc, 412 Mich. 1, 22 (1981).  Plaintiffs and Trott do not have an attorney-client relationship and plaintiffs have identified no other relationship giving rise to a duty.  Thus, plaintiffs have failed to set forth a colorable negligence claim.

Plaintiffs also assert a slander of title claim.  Slander of title occurs when a party files a claim to a title of land for the purpose of causing depreciation or some other harm to that title.  See Mich. Comp. Laws Ann. § 565.108.  To establish a slander of title claim, "a plaintiff must show falsity, malice, and special damages..." B & B Inv. Group v. Gitler, 229 Mich. App. 1, 8 (1998).  In this case, the only mention of Trott's involvement is the drafting of a standardized form and the involvement of one of its partners with MERS.  Plaintiffs have not alleged any malice and thus plaintiffs have failed to set forth a colorable slander of title claim.  Since plaintiffs do not have a colorable cause of action against Trott, the only non-diverse defendant, the court concludes that Trott was fraudulently joined in this action.  As such, Trott's citizenship is not considered for purposes of diversity jurisdiction.  As plaintiffs are Michigan residents and the remaining two defendants are both foreign corporations, this court maintains diversity jurisdiction and DENIES plaintiffs' motion for remand.

Defendants' Motion to Dismiss

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  The pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  Although the complaint need not contain detailed factual allegations, its "factual allegations must be

4

enough to raise a right to relief above the speculative level[.]"  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965).  The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).  The well-pleaded facts must permit an inference of more than a mere possibility of misconduct.  Id. at 1950.

In their motion to dismiss, defendants argue the doctrine of *res judicata* bars plaintiffs' claims in this case.[1]  In order to establish *res judicata*, a party must demonstrate: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first."  Adair v. State, 470 Mich. 105, 121 (2004).  The party asserting *res judicata* bears the burden of establishing its applicability.

In this case, the dismissal of plaintiffs' complaint in the 2010 action constitutes a judgment on the merits.  Under Federal Rule of Civil Procedure 41(b), when a defendant moves to dismiss the action, the dismissal order "operates as an adjudication on the merits" unless it states otherwise or is "one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19."  The dismissal of the 2010 action does not fit under the listed exceptions.  The action was dismissed following plaintiffs' failure to respond to both

---

[1]Plaintiffs' argument that *res judicata* cannot be raised in a motion to dismiss is baseless.  It is appropriate for a court to apply *res judicata* at the motion to dismiss stage. See Buck v. Thomas Cooley Law School, 597 F.3d 812, 817 (6th Cir. 2010) (affirming district court's decision granting defendant's motion to dismiss and dismissing plaintiff's complaint as barred by the *res judicata* doctrine).

defendants' motion to dismiss and the court's subsequent order to show cause.  Thus, the 2010 dismissal order constitutes a judgment on the merits.  Plaintiffs argue the 2010 dismissal order does not state that dismissal is with prejudice and therefore it does not bar the present action.  Plaintiffs provide no authority for such a proposition.  The dismissal order clearly constitutes a decision on the merits and thus defendants have satisfied the first element of the *res judicata* doctrine.

In order to satisfy the "same parties or their privies" requirement, "a perfect identity of the parties is not required, only a 'substantial identity of interests' that are adequately presented and protected by the first litigant."  Adair, 470 Mich. at 122.  The parties in the original and subsequent case are almost identical: Riyadh Faris, Crystal Yousif, BAC, and MERS.  Plaintiffs claim that the addition of Trott negates claim preclusion.  However, Trott has a substantial identity of interests with BAC and MERS, as it seeks dismissal of the current lawsuit.  Defendants' actions in the earlier litigation adequately presented and protected the interests of Trott.  As such, the second element of the *res judicata* test is satisfied.

The third *res judicata* element is satisfied as the claims asserted in this case could have been adjudicated in the original case.  "Res judicata bars every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not."  Adair, 470 Mich. at 123.  In Smith v. Chase Manhattan Mortg. Corp., No. 08-14308, 2009 WL 1508419, *3 (E.D. Mich. May 29, 2009), the court found that since the plaintiff's original and subsequent claim "arise from the very same mortgage transaction...any claim relating to the Plaintiff's grant of a mortgage on his real estate to MERS, as nominee for Aegis Funding Corporation, was necessarily ripe for adjudication

6

at the time of the foreclosure of the mortgage obligations." Here, the two actions arise from the same loan and foreclosure transactions. Plaintiffs claim that they never had a reasonable opportunity to litigate their claims against Trott, but fail to provide any support for this assertion. There is nothing about the character of the claims in the subsequent complaint that leads this court to conclude that the claims could not have been brought at the time of the initial action. Because plaintiffs could have brought the three claims in this action at the time the 2010 action was filed, the third element of the *res judicata* test is satisfied. The court therefore finds *res judicata* applies and bars the present action.

CONCLUSION

For the reasons set forth above, plaintiffs' motion for remand is DENIED, defendants' motion to dismiss is GRANTED, and plaintiffs' complaint is DISMISSED.[2]

Dated: February 27, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 27, 2012, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

[2]As plaintiffs' motion for remand is DENIED and defendants' motion to dismiss is GRANTED, the subsequently-filed motions (#15, 20, 23, and 26) are DENIED as moot.

7